**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**H. KENNETH LEFOLDT, JR.**                                                  **PLAINTIFF**

**V.**                                  **CIVIL ACTION NO. 5:15cv96-KS-MTP**

**DONALD RENTFRO,** *et al.*                                        **DEFENDANTS**

**ORDER**

This matter is before the Court on the Motion [119] to Quash Subpoena Duces Tecum filed by H. Kenneth Lefoldt, Jr. However, the parties did not comply with the Case Management Order ("CMO") or the local rules before the Motion was filed. The CMO provides that:

> The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by F.R.Civ.P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by F.R.Civ.P. 16(b)(3)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

CMO [98] at 3.

Furthermore, "[b]efore service of a discovery motion, counsel must confer in good faith to determine to what extent the issue in question can be resolved without court intervention[, and a] Good Faith Certificate must be filed with all discovery motions." L.U.Civ.R. 37(a). "Motions regarding subpoenas [are] considered discovery motions and are governed by the procedural requirements that govern discovery motions." L.U.Civ.R. 45(e). The docket does not reflect that the parties have complied with the above requirements, thus, the Motion [119] will be denied without prejudice pursuant to the CMO [98] and L.U.Civ.R. 37(c).

IT IS, THEREFORE, ORDERED that the Motion [119] is DENIED without prejudice.

THIS the 10th day of February, 2017.

                s/ Michael T. Parker
                United States Magistrate Judge