# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

H. KENNETH LEFOLDT, JR.                                                PLAINTIFF

V.                               CIVIL ACTION NO. 5:15-CV-96-KS-MTP

DONALD RENTFRO, *et al.*                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants** Plaintiff's Motion to Strike [163] his Motion to Enter Final Judgment [156], **denies** Plaintiff's Motion for Reconsideration [161], and **denies as moot** Plaintiff's Motion to Stay Discovery [157].

## I. BACKGROUND

Both this Court and the Court of Appeals have discussed the factual and procedural background of this case. *See Lefoldt v. Horne, LLP*, 853 F.3d 804 (5th Cir. 2017); *Lefoldt v. Rentfro*, No. 5:15-CV-96-KS-MTP, 2017 WL 5972692 (S.D. Miss. Dec. 1, 2017); *Lefoldt v. Rentfro*, No. 5:15-CV-96-KS-MTP, 2016 WL 1436678 (S.D. Miss. Apr. 11, 2016).

On December 1, 2017, the Court granted Defendant Horne, LLP's Motion for Partial Summary Judgment [131] as to Plaintiff's professional malpractice claims for the years 2010, 2011, 2012, and 2013. *Lefoldt*, 2017 WL 5972692 at *3. The Court noted that "the existence of a professional relationship" was the first element of a malpractice claim, and that to prove "the existence of a professional relationship," a plaintiff must provide evidence that it manifested its intent to the defendant that it provide services for the plaintiff. *Id.* at *2 (citing *Gibson v. Williams, Williams &*

*Montgomery, P.A.*, 186 So. 3d 836, 848 (Miss. 2016)). "A community hospital board of trustees, as does any public board in the State of Mississippi, speaks and acts only through its minutes." *Wellness, Inc. v. Pearl River Cnty. Hosp.*, 178 So. 3d 1287, 1290 (Miss. 2015). Therefore, because the minutes of NRMC's Board did not reflect that NRMC manifested its intent that Horne provide accounting services for the years 2010, 2011, 2012, and 2013, the Court found that Plaintiff could not prove the existence of a professional relationship between NRMC and Horne for those years. *Lefoldt*, 2017 WL 5972692 at *3. Plaintiff responded to the Court's order with a bevy of motions, which the Court now addresses.

## II. MOTION TO STRIKE [163]

First, the Court **grants** Plaintiff's Motion to Strike [163] his Motion to Enter Final Judgment [156].

## III. MOTION FOR RECONSIDERATION [161]

Next, Plaintiff filed a motion seeking several alternative forms of relief. Plaintiff argues that the Court should reconsider its Memorandum Opinion and Order [154] granting Horne's Motion for Partial Summary Judgment [131] as to Plaintiff's malpractice claims for the years 2010, 2011, 2012, and 2013. Alternatively, Plaintiff argues that the Court should enter a Rule 54(b) judgment as to those claims, or certify the issue for interlocutory appeal.

### A. *Reconsideration*

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion . . . under Rule 59(e) or . . . under Rule 60(b). The rule under which the motion

is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). Plaintiff's Motion for Reconsideration [161] was filed within twenty-eight days of the Court's Memorandum Opinion and Order [154] granting Defendant's Motion for Partial Summary Judgment [131], and Rule 59 applies.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C. v. Tunica County*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009). It is "an extraordinary remedy that should be used sparingly." *Id.* Before filing a Rule 59(e) motion, a party "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

*1. "New" Evidence*

First, Plaintiff argues that the Court should reconsider its earlier ruling because the NRMC Board's executive session minutes from 2010 through 2014 reflect that NRMC entered into a professional relationship with Horne. The Board's executive session minutes were not presented to the Court with the previous motion. In fact, this is the first time that the executive session minutes have been raised in this matter, despite the fact that NRMC's relationship with Horne and the extent to which it is reflected in the Board's minutes have been at issue since December 2015. Horne's counsel represented in briefing that Plaintiff first produced them in early 2017 – after the interlocutory appeal regarding the minutes rule had been briefed and argued. Response to Motion for Reconsideration at 7 n. 6, *Lefoldt v. Rentfro*, No. 5:15-CV-96-KS-MTP (S.D. Miss. Jan. 12, 2018), ECF No. 168.

Plaintiff – not Horne – first raised the "minutes rule" in its Response to Horne's Motion to Stay Pending Arbitration [34, 35] in December 2015. There, Plaintiff argued that there was no contract because "Horne failed to adhere to the requirements of Mississippi law for entering into a valid, binding contract with NRMC as the terms and conditions of the Engagement Letters were not detailed within the . . . minutes." Response at 8, *Lefoldt v. Rentfro*, No. 5:15-CV-96-KS-MTP (S.D. Miss. Dec. 18, 2015), ECF No. 35. Plaintiff attached exhibits to the response which his counsel swore were "true and correct copies of the minutes for the Natchez Regional Medical Center Board of Trustee Meetings" for 2009, 2010, and 2012. Exhibit E to Response at 2, *Lefoldt v. Rentfro*, No. 5:15-CV-96-KS-MTP (S.D. Miss. Dec. 18, 2015), ECF No. 35-5. Now – over

4

two years later and after the Court of Appeals has already addressed an issue related to the minutes rule – Plaintiff argues that there was a professional relationship between NRMC and Horne, citing executive session minutes that the Court has not previously seen and the parties have not previously cited.

"[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *ICEE Distributors, Inc. v. J & J Snack Foods Corp.*, 445 F.3d 841, 847-48 (5th Cir. 2006). The Court considers several factors when a party seeks reconsideration based on evidence not previously presented to the Court: "(1) the reasons for the moving party's default, (2) the importance of the omitted evidence to the moving party's case, (3) whether the evidence was available to the movant before the nonmovant filed the summary judgment motion, and (4) the likelihood that the nonmoving party would suffer unfair prejudice if the case is reopened." *Id.* at 848. "These factors are simply illustrative and not exhaustive." *Id.* The Court has "considerable discretion" when addressing a Rule 59(e) motion. *Id.* But a "Rule 59(e) motion should only be granted where there is new evidence that (1) probably changes the outcome of the case; (2) could not have been discovered earlier by proper diligence; and (3) is not merely cumulative or impeaching." *Molina v. Equistar Chems. LP*, 261 F. App'x 729, 733 (5th Cir. 2008) (citing *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003)).

Plaintiff represents that he did not previously offer the executive session

minutes as evidence "because it was not relevant to the parties' briefing." Memorandum in Support of Motion to Reconsider at 8, *Lefoldt v. Rentfro*, 5:15-CV-96-KS-MTP (S.D. Miss. Dec. 22, 2017), ECF No. 162. This argument is disingenuous nonsense. The contents of the Board's minutes have been at issue in this case since Plaintiff himself first raised the issue in December 2015. The Fifth Circuit's ruling was based in part on its conclusion that the Board's minutes "reflect that an agreement with Horne was reached in 2009 . . . ." *Lefoldt*, 853 F.3d at 808. Therefore, the executive session minutes were, in fact, relevant evidence, and Plaintiff has no excuse for not previously offering them.

As for the remaining three factors, the Court will assume, without deciding, that the executive session minutes are important to Plaintiff's case, and that Horne would not suffer unfair prejudice if the Court considered the executive session minutes. However, Plaintiff admitted in briefing that he "has possessed the evidence all along . . . ." Memorandum [162], at 8. Therefore, the executive session minutes were available to Plaintiff before he responded to Horne's Motion for Partial Summary Judgment.

In summary, Plaintiff admits that he has had the executive session minutes for this entire litigation, but he only presented them to the Court for consideration when it became potentially beneficial to his case – despite their relevance to the issues first raised by Plaintiff over two years ago in response to Horne's motion to compel arbitration. It was Plaintiff who first argued that the minutes rule applied, in an effort to avoid the arbitration provisions of Horne's engagement letters. That argument set this case on a path toward an interlocutory appeal and a substantial delay in its

6

resolution. But now that Plaintiff is required to establish that the Board manifested an intent to engage Horne's services, he wants the record expanded to include executive session minutes that he withheld from both this Court and the Court of Appeals earlier in the litigation. Regardless of whether an expanded record would have made a difference in the earlier rulings, Plaintiff's withholding of relevant evidence until it could potentially benefit him later in the litigation reeks of gamesmanship. The Court will not consider the executive session minutes.

2. *Manifest Injustice*

Plaintiff also argues that it would be manifestly unjust to dismiss his claims against Horne when the executive session minutes establish that NRMC did, in fact, manifest an intent that Horne would provide professional services in the years at issue. However, for the reasons provided above, the Court declines to consider the executive session minutes.

For these reasons, the Court denies Plaintiff's Motion for Reconsideration [161] of the Court's Memorandum Opinion and Order [154] granting Horne's Motion for Partial Summary Judgment [131].

B. ***Entry of Judgment***

Alternatively, Plaintiff argues that the Court should enter a judgment under Rule 54(b) as to the professional malpractice claims against Horne arising from the years 2010, 2011, 2012, and 2013.

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to

7

one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

FED. R. CIV. P 54(b). This Court has discretion when considering a request for entry of a Rule 54(b) judgment. *PYCA Indus., Inc. v. Harrison County Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996). "One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals. A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal . . . ." *Id.*

In the Court's opinion, this matter will resolve more efficiently for all parties concerned if it proceeds in this Court without any more partial appeals. As of right now, Plaintiff's professional malpractice claim arising from the 2009 audit[1] and his claims arising from Horne's services related to the bankruptcy are still pending. If the Court entered a Rule 54(b) judgment as to the professional malpractice claims arising from the 2010-2013 audits, the Court anticipates that Plaintiff would want litigation stayed as to all remaining claims. In fact, Plaintiff already filed a Motion to Stay Discovery [157], before the Court has even addressed the other pending motions. The Court will not delay this case any further with piecemeal appeals and stays. The Court denies Plaintiff's motion for entry of a Rule 54(b) judgment.

C.   *Interlocutory Appeal*

Section 1292(b) provides, in relevant part:

---

[1]Plaintiff represented in briefing that he intends to voluntarily dismiss the 2009 audit claim, but he has not done so.

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order . . . .

28 U.S.C. § 1292(b). The Fifth Circuit strictly construes Section 1292(b). *Ala. Labor Council v. Alabama*, 453 F.2d 922, 924 (5th Cir. 1972). Interlocutory appeals are only granted in "exceptional cases." *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985). "They are permitted only when there is a substantial difference of opinion about a controlling question of law and the resolution of that question will materially advance, not retard, ultimate termination of the litigation." *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983).

There is no substantial ground for difference of opinion as to the controlling question of law with respect to Plaintiff's professional malpractice claims arising from the 2010-2013 audits. Plaintiff misrepresented the Court's ruling in briefing. The Court did not hold that Plaintiff must prove the existence of a written contract. Rather, the Court held that Plaintiff must prove that the NRMC Board manifested its intent that Horne provide it with professional services related to the years 2010-2013, that the Board can only act through its minutes, and that the minutes do not reflect that the Board manifested such intent. Plaintiff has presented nothing to cause the Court to question its ruling. The Court denies Plaintiff's motion to certify this issue for interlocutory appeal.

## IV. MOTION TO STAY DISCOVERY [157]

Plaintiff filed a Motion to Stay Discovery [157] pending resolution of his Motion for Entry of Final Judgment [156] and Motion for Reconsideration [161]. Those motions have now been addressed. Therefore, the Court denies Plaintiff's Motion to Stay Discovery [157] as moot.

## V. CONCLUSION

For the reasons above, the Court **grants** Plaintiff's Motion to Strike [163] his Motion to Enter Final Judgment [156], **denies** Plaintiff's Motion for Reconsideration [161], and **denies as moot** Plaintiff's Motion to Stay Discovery [157].

SO ORDERED AND ADJUDGED, on this, the 14th day of March, 2018.

                                    /s/ Keith Starrett
                                    KEITH STARRETT
                                    UNITED STATES DISTRICT JUDGE